# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>REVSTONE INDUSTRIES, LLC, et al.,[1]<br>　　　　　Reorganized Debtors. | Chapter 11<br>Case No. 12-13262 (BLS)<br>Jointly Administered |
| FRED C. CARUSO, solely in his capacity as the Revstone/Spara Litigation Trustee for the Revstone/Spara Litigation Trust,<br>　　　　　Plaintiff,<br>　　v.<br>SCOTT R. HOFMEISTER, et al.,<br>　　　　　Defendants. | Adv. No. 14-50977 (BLS) |
| FRED C. CARUSO, solely in his capacity as the Revstone/Spara Litigation Trustee for the Revstone/Spara Litigation Trust,<br>　　　　　Plaintiff,<br>　　v.<br>SCOTT R. HOFMEISTER, et al.,<br>　　　　　Defendants. | Adv. No. 14-50984 (BLS) |

## DECLARATION OF COLIN R. ROBINSON IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SCOTT R. HOFMEISTER

I, Colin R. Robinson, declare as follows:

1.　　I make this declaration in support of the *Trustee's Motion for Summary Judgment Against Defendant Scott R. Hofmeister* (the "Motion") filed by Fred C. Caruso, the Revstone/Spara Litigation Trustee for the Revstone/Spara Litigation Trust (the "Trustee"), successor in interest to Revstone Industries, LLC ("Revstone") and Spara, LLC ("Spara") in the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each Debtor is: Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., PO Box 1720, Birmingham, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

above-captioned adversary proceedings ("Adversary Proceedings").[2] Unless otherwise stated, the facts contained in this declaration are based on my personal knowledge, my review of the record in the above-captioned chapter 11 case, and my review of the record in the Adversary Proceedings. If called as a witness, I could testify competently to the facts contained in this declaration.

2. I am an attorney with the law firm of Pachulski Stang Ziehl & Jones LLP, counsel to the Trustee in the above-captioned chapter 11 case and the Adversary Proceedings. I am duly authorized to practice before this Court.

3. In the Adversary Proceeding captioned as *Caruso v. Scott Hofmeister, et al.*, Adv. No. 14-50984, the Trustee has designated James M. Lukenda as his expert witness on, among other things, Spara's insolvency. No party other than the Trustee designated an expert witness regarding Spara in the Adversary Proceedings, or in any other adversary proceeding prosecuted by the Trustee on behalf of Revstone or Spara.

4. In the Adversary Proceeding captioned as *Caruso v. Scott Hofmeister, et al.*, Adv. No. 14-50977 (the "Revstone Action"), the Trustee has designated Mr. Lukenda as his expert witness on, among other things, Revstone's insolvency at the times of the fraudulent pre-petition transfers at issue in the Revstone Action, all of which are alleged to have been made in 2012. No party other than the Trustee designated an expert witness regarding Revstone in the Adversary Proceedings. Moreover, only one party other than the Trustee designated an expert witness regarding Revstone in any of the other adversary proceedings prosecuted by the Trustee on behalf of Revstone or Spara. The report prepared by that witness, which was served on the Trustee in the adversary proceeding captioned as *Caruso v. Mid-States Capital, LLC*, Adv No.

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the *Trustee's Opening Brief in Support of Motion for Summary Judgment Against Defendant Scott R. Hofmeister*, filed concurrently herewith.

14-50978, is limited to an analysis of Revstone's financial condition as of April 2, 2009 – approximately three years before the transfers at issue in the Revstone Action.

5. In Spara's chapter 11 case, Gratiot 26 Mile Industrial 1, LLC filed Claim No. 527 against Spara. No interested party has objected to Claim No. 527.

6. In Revstone's chapter 11 case, (i) the Commonwealth of Kentucky Division of Unemployment Insurance filed Claim No. 542 against Revstone, and (ii) the Indiana Department of Workforce Development Collections Unit filed Claim No. 62 against Revstone. No interested party has objected to Claim No. 542 or Claim No. 62.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2017.

 */s/ Colin R. Robinson*
Colin R. Robinson