# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>REVSTONE INDUSTRIES, LLC, *et al.*,<br><br>　　　　　　Debtors.<br><br>―――――――――――――――――――<br><br>FRED C. CARUSO, solely in his capacity as the Revstone/Spara Litigation Trustee for the Revstone/Spara Litigation Trust,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SCOTT R. HOFMEISTER,<br><br>　　　　　　Defendant. | Chapter 11<br><br>Case No. 12-13262 (BLS)<br><br>(Jointly Administered)<br><br><br>Adv. Proc. No. 14-50977 (BLS)<br><br>Re: Docket Nos. 1, 32, 35, 78, 79, 80, 81, 93, 86, 87, and 88<br><br><br><br>Adv. Proc. No. 14-50984 (BLS)<br><br>Re: Docket Nos. 1, 31, 34, 77, 78, 79, 80, 85, 86, 87, and 92 |

Alan J. Kornfeld, Esquire
Elissa A. Wagner, Esquire
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Colin R. Robinson, Esquire
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19899

*Counsel to Plaintiff*

Andrew James Huber, Esquire
Evan O. Willliford, Esquire
The Williford Firm LLC
901 N. Market Street, Suite 800
Wilmington, DE 19801

Sheldon Samuel Toll, Esquire
Sheldon S. Toll PLLC
29580 Northwestern Hwy.
Suite 100
Southfield, MI 48034

*Counsel to Defendant*

## MEMORANDUM ORDER GRANTING SUMMARY JUDGMENT[1]

Upon consideration of the Trustee's Motions[2] for Summary Judgment Against Defendant Scott R. Hofmeister[3] (the "Motions") and accompanying memoranda of law filed by the Trustee[4]; the opposition to the Motions[5] filed by Scott R. Hofmeister (the "Defendant"); and the Replies[6] filed by the Trustee; the Court hereby FINDS and CONCLUDES as follows:

### Introduction

1.  The Defendant is the son of the Debtors' former Chairman. The Complaints at issue seek to recover "wages" paid by the Debtors to the Defendant while he was a full-time student as well as tens of thousands of dollars in tuition payments made by the Debtors for the benefit of the Defendant and his wife. The Trustee seeks resolution of the Complaints by requesting this Court grant summary judgment with respect to both Motions.

### Background

2.  On December 3, 2012, Revstone Industries, LLC ("Revstone") and Spara, LLC ("Spara") and certain of their affiliates filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. Prior to their bankruptcy proceedings, Revstone and Spara operated a variety of manufacturing facilities in the Midwest serving the automotive industry. At all relevant times, George S. Hofmeister served as Chairman and sole member of the Board of Managers of Revstone and Spara; the Defendant is the son of George S. Hofmeister. As noted above, the Plaintiff alleges that the Defendant was paid a salary by Revstone while he was a full-

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.
[2] The Trustee has filed two motions for summary judgment [Adv. Proc. Nos. 14-50977 & 14-50984] on behalf of Spara and Revstone. The Motions, Responses, and Replies in each adversary proceeding are substantially identical and will be considered together.
[3] Adv. Docket Nos. 76 & 77.
[4] Adv. Docket Nos. 78 & 79.
[5] Adv. Docket Nos. 85 & 86.
[6] Adv. Docket Nos. 86 & 87.

time student and not actually working for Revstone.  The Trustee also alleges that the company paid for the college tuition of the Defendant and his wife.

3. On December 1, 2014, Revstone commenced Adversary No. 14-50977 against the Defendant and filed its Complaint (the "Revstone Complaint") to Avoid and Recover Fraudulent Transfers, Unauthorized Post-Petition Transfers and Related Relief.  The Revstone Complaint sought to recover alleged pre-petition fraudulent transfers made between January 13, 2012 and November 30, 2012, as well as unauthorized post-petition transfers made in December 2012.  In total, the Revstone Complaint seeks to recover $124,999.94 from the Defendant.

4. On December 2, 2014, Spara commenced Adversary No. 14-50984 against the Defendant and filed a Complaint (the "Spara Complaint") to Avoid and Recover Fraudulent Transfers and Related Relief.  The Spara Complaint sought to avoid and recover a single pre-petition transfer in the amount of $70,000 made to the Defendant on June 29, 2011.  All in, the Trustee seeks to recover $194,999.94 through these two adversary proceedings.

5. Pursuant to Revstone and Spara's confirmed plan of reorganization, the Revstone and Spara actions were assigned to a litigation trust and the Revstone/Spara Litigation Trustee (the "Trustee") was appointed to pursue actions on behalf of the trust.  On April 14, 2017, the Trustee filed Motions for Summary Judgment in each of the Revstone and Spara actions. The Revstone and Spara actions – briefed and argued jointly – will be decided together.

6. Pursuant to 11 U.S.C. §§ 544(b)(1), 548, 550, and 6 Del. C. § 1305, the Trustee must prove the following in order to avoid the pre-petition Revstone/Spara Transfers:

   i.) The transfer was a transfer of the relevant Debtor's interest in property;
   ii.) The relevant Debtor made the transfer without receiving reasonably equivalent value;
   iii.) The relevant Debtor was insolvent at the time of the transfer, or became insolvent as a result of the transfer; and

 iv.) At least one creditor of the relevant Debtor held an unsecured, allowable claim against the Debtor that arose before the transfer was made.

7. Under 11 U.S.C. §§ 549 and 550, a chapter 11 trustee or debtor-in-possession "may avoid a transfer of property of the estate … that occurs after the commencement of the case; and … that is not authorized under this title or by the court." 11 U.S.C. §§ 549-50.

8. Under Rule 56 of the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986) ("Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'").

## The Parties' Positions

9. The Trustee argues that he is entitled to summary judgment against the Defendant on his claim for relief in the Revstone and Spara actions pursuant to 11 U.S.C. §§ 544, 548, 550, and 6 Del. C. § 1305. In support, the Trustee has shown that Spara transferred $70,000 to the Defendant in June 2011, and that Revstone transferred $115,384.56 to the Defendant between January 13, 2012 and November 30, 2012. Finally, the Trustee argues that the Defendant received an unauthorized post-petition transfer of $9,615.38 that may be avoided under 11 U.S.C. § 549. The Trustee alleges that the elements required to prove a constructively fraudulent conveyance are met: the Debtors' were insolvent at the time of the transfer, they had at least one predicate creditor, and a transfer of the Debtors' property was made that lacked reciprocal value. The Trustee further alleges that all of these transfers were made to the Defendant or his wife, and were transfers for which the relevant Debtors received no benefit.

4

10. The Defendant first argues that the Motion should be dismissed as untimely because it was filed two months after the deadline set in this Court's scheduling order.[7] Second, the Defendant argues that Revstone and Spara were solvent when the transfers were made and neither were made insolvent because of the transfers. Third, the Defendant argues that the Trustee's alleged predicate creditors are ineligible due to filing their proofs of claim after the bar date. Finally, the Defendant argues in response to both pre- and post-petition transfers that his services provided value, and that the unauthorized amount transferred post-petition was for gross wages.

## Analysis

11. In order to recover under a theory of fraudulent conveyance, the Trustee has the burden of establishing each of the elements of § 548(a)(1). *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 217 (3d Cir. 2006) ("The Trustee indisputably has the burden of proving the transfers were fraudulent, and this burden never shifts to [the defendant]."). As noted above, the only elements meaningfully contested are solvency at the time of the transfer, the presence of predicate creditors, and whether the Defendant provided value.[8]

12. The Court finds that the Trustee has affirmatively established insolvency by presenting the Court with the expert report of James Lukenda. In Mr. Lukenda's report, he asserts that Revstone and Spara were insolvent when value was transferred to the Defendant. Mr. Lukenda's report reflects that he is qualified to perform the analysis and render an opinion as to

---

[7] Adv. Docket No. 66. The Court will dispose of the argument that the Motion was untimely. Both parties agreed to an amended scheduling time frame that counsel failed to docket. Regardless, the motions are fully briefed and the Court will address these matters on the merits.

[8] The Defendant does not meaningfully contest whether the Revstone Spara Transfers were a transfer of an interest in property.

solvency. [9] The record further reflects that Mr. Lukenda applied generally accepted methodologies in reaching his conclusion that both Revstone and Spara were insolvent at the time of the transfers. Lukenda Revstone Report [Adv. Proc. No. 14-50977, Docket No. 78-1 at A037-A038]; Lukenda Spara Report [Adv. Proc. No. 14-50984, Docket No. 77-1 at A212-A213].

13.     In response, the Defendant relies on the lay opinion testimony of himself and Homer W. McClarty.[10] The Court acknowledges that Federal Rule of Evidence 701 and case law permit opinion testimony by lay witnesses. Fed.R.Evid.701; *See Glosband v. Watts Detectiver Agency, Inc.*, 21 B.R. 963 (D.Mass. 1981); *In re Biddiscombe Int'l, LLC*, 392 B.R. 909, 919 (Bankr.M.D.Fla. 2008) ("…most courts allow an owner or officer of a business to testify as to its value or projected profits without the need to qualify the owner as an expert because such lay opinion testimony is based on a type of personal knowledge--the 'particularized knowledge that the witness has by virtue of his or her position in the business'.") (citing Fed.R.Evid. 701 Advisory Committee Notes). Although the testimony may be admissible, the complexity of a solvency analysis in a large chapter 11 case suggest that the Court give little weight to the lay opinions put forth by the Defendant. The Trustee has presented an expert opinion as to the solvency of a complex business enterprise. In contrast, the Defendant submits lay opinion testimony stating little more than mere disagreement, which is not enough to create a genuine dispute as to any material fact. The Trustee has met his burden of proving insolvency and is entitled to summary judgment on that issue.

---

[9] The Defendant also contends that Mr. Lukenda's expert conclusion is tainted because he is conflicted and his employer holds a claim in these bankruptcy cases. The Court finds that the Defendant's observations and concerns as to Mr. Lukenda's role and motivations do not rise to a level that would indicate his conclusions are unreliable.
[10] McClarty is the Trustee of the Irrevocable Trust of Scott R. Hofmeister. McClarty Declaration ¶ 1 [Docket No. 86-2, Adv. Proc. No. 14-50977].

14. The Defendant argues that neither Revstone nor Spara had the necessary predicate creditor at the time the transfer was made. The Defendant contends that the creditors presented by the Trustee cannot be predicate creditors because two of the claims were filed after the bar date and the third claim identified no liability. In the bankruptcy proceeding, however, none of these three claims were objected to, and all were deemed allowed. *See* 11 U.S.C. § 502(a) ("A claim or interest … is deemed allowed, unless a party in interest … objects."). The Court agrees with the Trustee that the filing of the claims makes the claimants eligible predicate creditors. The Trustee has met its burden of proof and is entitled to summary judgment on this issue.

15. Finally, the Defendant argues that his services created or conferred value, and the Revstone/Spara Transfers were a result of this contribution. In support, the Defendant submits the declaration of Daniel V. Smith,[11] which alleges in conclusory fashion that the Defendant contributed value, had unpaid bonuses, and that Revstone and Spara had a tuition program for graduate students. The entirety of the evidence presented by the Defendant in this regard consists of the following:

> 4. It is my understanding that the services of Scott Hofmeister contributed value to Revstone and Spara.
> 5. Further, it is my understanding that Scott Hofmeister had unpaid bonuses that were due him in connection with his services.
> 6. Lastly, it is my understanding that Revstone and Spara paid for various people to attend graduate school. To my knowledge, none of them came back to work for Revstone or Spara, and none of them were ever required to repay any monies advanced.

Smith Declaration ¶¶ 4-6 [Docket No. 86-4, Adv. Proc. No. 14-50977]. In defense of the unauthorized post-petition transfers, the Defendant contends that the conclusory statements

---

[11] Smith was the General Counsel of Revstone and Spara prior to the bankruptcy filings. Smith Declaration ¶ 3 [Docket No. 86-4, Adv. Proc. No. 14-50977].

above regarding value and bonuses are enough to support the assertion that the Defendant had provided services and was owed payroll payments. In defense of the pre-petition transfers, the Defendant likewise contends that the statements regarding value, bonuses and a theoretical tuition program are enough stave off summary judgment. However, the Smith Declaration – resting upon hedged and conclusory statements – does not present or create a genuine issue as to any material fact sufficient to defeat the Trustee's Motion for Summary Judgment on these issues. The Trustee has established that neither Revstone nor Spara received value for the pre- and post-petition transfers to the Defendant.[12]

16.     For all of these reasons, the Court holds that the Trustee is entitled to summary judgment on the claims for recovery of fraudulent conveyance and the unauthorized post-petition transfers against the Defendant.

Accordingly, it is hereby

**ORDERED**, that the Trustee's Motions for Summary Judgment against the Defendant are GRANTED; and it is further

**ORDERED**, that the Trustee is directed to submit a form of judgment order consistent with the Court's ruling within 14 days of the date hereof.

Dated: November 15, 2017
Wilmington, Delaware

_____
BRENDAN LINEHAN SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[12] The Defendant does not contest that the tuition payments made to or for the benefit of his wife were fraudulent conveyances.